UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC BRIAN HICKERSON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13CV00082 AGF |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Eric Brian Hickerson's motion to dismiss without prejudice. (Doc. No. 6.) Respondent James Hurley did not file a response to this motion.

Petitioner's basis for this motion is that he "erred in filing his federal habeas petition at this time." (Doc. No. 6 at 1.) Petitioner states that he currently has pending a motion to vacate, set aside, or correct in the Circuit Court of St. Charles County in which he raises numerous trial court errors as well as constitutional and statutory issues. (Doc. No. 1 at 3.) After reviewing the State's response to his petition (Doc. No. 4), Petitioner realized that issues raised in his pending state proceeding might be foreclosed from federal habeas review if he were now to pursue just the one ground for relief raised in this action.[1]

---

[1] The only ground for relief presented in this action is whether the prosecution presented improper comments and testimony regarding Petitioner's silence. Petitioner states that he raised this issue "in error" in his pending state proceeding – it was "fully litigated on direct appeal and will not be considered under 29.15." (Doc. No. 1 at 6.)

Respondent has filed an answer to the petition (Doc. No. 4), so this action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The decision whether to permit dismissal in these circumstances lies within the sound discretion of the district court.  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir. 1999).  In exercising that discretion, the Eighth Circuit has instructed district courts to consider the following factors:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.  Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).  After considering these factors, the Court finds Petitioner has presented a proper explanation and is not trying to escape an adverse decision or seek a more favorable forum.  Moreover, dismissal will not prejudice Respondent nor result in a waste of judicial time and effort.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Brian Hickerson's motion to dismiss without prejudice is **GRANTED**.  (Doc. No. 6.)  This case is **DISMISSED** without prejudice.

                                               *Audrey G. Fleissig*
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2013.